## 17988. MOORE *v.* THE STATE.

While the evidence in this case raises a suspicion against the defendant, who was charged with making spirituous liquors, it is not sufficient to sustain his conviction of the offense charged.

### DECIDED APRIL 12, 1927.

Making liquor; from Macon superior court—Judge Crum presiding. January 8, 1927.

*Jere M. Moore,* for plaintiff in error.

*Jule Felton, solicitor-general,* contra.

LUKE, J. Cleo Moore was convicted of manufacturing spirituous liquors, and the jury recommended that he be punished as for a misdemeanor. The gist of the evidence is as follows: On a certain afternoon in August, 1926, officers went in search of a still, but desisted from their quest because of a very severe rain. Early next morning they renewed their search and found a still, two barrels of alcoholic beer on the edge of a swamp, forty to fifty steps from the still, and seven or eight barrels that had recently had beer in them and had apparently been emptied an hour or two prior to their discovery. The still was very hot, and the officers were of the opinion that liquor had been made in it that morning. The rain of the previous afternoon was hard enough to blot out all tracks made before it fell, but the tracks of two men and a boy were clearly visible at the still. The still was in Macon county, and these tracks led to the home of one Whit in that county. He

Intoxicating Liquors, 33 C. J. p. 758, n. 80, 87.

lived about three quarters of a mile from the still, and his wife was the defendant's mother-in-law. The defendant was arrested in Montezuma the same morning. He ran and escaped from the officer, but returned at half past four of the same afternoon with a Mr. Jenkins, on whose place he worked, and surrendered and made bond. There was another home about three quarters of a mile from the still. The defendant lived in Dooly county at a distance of about six miles from the still. He was at Whit's house the afternoon before the still was found and the following morning. He was preparing to leave that house when the officers passed on their way to the still, and did leave at once. The defendant and his brother arrived at Whit's house the day before the still was found. None of the tracks leading from the still to the house were identified in any way, and there was no evidence to show that the defendant had ever been nearer the still than the home of Whit. The arresting officer swore that the defendant approached him two weeks after the still was found and said: "What are we going to do about that thing down there?" The officer replied: "It's up to you all. I have done all I can do." The defendant then said: "If I have to make time, there are others that should make time that are larger than I am." Whit swore that the defendant had told him that he was "going to put up some beer down there;" whereupon Whit replied that the defendant could not run his first run in Macon county without being caught.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*